Filed 7/28/22  P. v. Snow CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B314736 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA022891) |
| v. | |
| STEPHEN SNOW, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Suzette Clover, Judge.  Affirmed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

In 1995, Stephen Snow, a military veteran, was sentenced to an indeterminate term. Years later, he petitioned to recall his sentence under new legislation categorizing trauma-related conditions caused by military service as a mitigating factor. The trial court denied the petition, finding that the legislation did not apply to indeterminate sentences. Snow appeals. Agreeing with the trial court, we affirm.

## BACKGROUND

In 1995, a jury found Snow guilty of second degree commercial burglary (Pen. Code,[1] § 459). After the trial court found that Snow had two prior convictions within the meaning of the Three Strikes law, he was sentenced to 25 years to life.

In 2021, Snow filed a petition to recall the judgment under section 1170.91, subdivision (b)(1), arguing that he suffered from mental disorders resulting from his military service. Snow also submitted evidence to establish his condition and veteran status. Although the trial court appointed counsel for Snow, the trial court summarily denied the petition without a hearing on the ground that section 1170.91 applies to determinate terms, whereas Snow had been sentenced to an indeterminate term.

## DISCUSSION

Snow contends that the trial court erred in summarily denying his petition, arguing that his eligibility for resentencing could only be determined after a hearing.

Effective January 1, 2015, sentencing courts must consider any trauma, substance abuse, and mental health issues caused

---

[1] All further undesignated statutory references are to the Penal Code.

by a defendant's service in the United States military as mitigating factors in sentencing. (§ 1170.91, subd. (a); see generally *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 238 (*Bonilla-Bray*).) Defendants sentenced before January 1, 2015 may petition for a resentencing hearing at which the court considers mitigating factors related to military service. (§ 1170.91, subd. (b)(1).)

By its express terms, section 1170.91 applies only to people serving determinate sentences under section 1170. (*People v. Estrada* (2020) 58 Cal.App.5th 839; accord, *People v. Stewart* (2021) 66 Cal.App.5th 416, 423–424.) That is, the statute states it applies to "term[s] under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).) Section 1170, subdivision (b), describes a sentencing court's discretion to choose aggravated, middle, or low determinate terms based on mitigating and aggravating factors. (See *Estrada*, at p. 843.)

Here, Snow was not sentenced to a determinate term under section 1170. Instead, the trial court sentenced him to an indeterminate term under the Three Strikes law. Section 1170.91 was inapplicable to his sentence, and therefore the trial court could summarily deny the petition.

Snow, however, counters with this Division's opinion in *Bonilla-Bray*, *supra*, 49 Cal.App.5th 234, to support his contention that he was eligible for resentencing and that eligibility can be determined only after a hearing. *Bonilla-Bray* observed that section 1170.91, subdivision (b)(3), directs how trial courts must evaluate resentencing petitions. Upon receiving a petition, the trial court must hold a hearing after at least 15 days of notice to the prosecution to determine whether the defendant meets the statutory criteria. (§ 1170.91, subd. (b)(3).) "At that

hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the person satisfies the criteria [in subdivision (b)], the court may, in its discretion, resentence the person following a resentencing hearing." (*Ibid.*) *Bonilla-Bray*, at page 238, outlined the five criteria a petitioner must establish "[t]o be eligible for resentencing": (1) the petitioner is serving a sentence for a felony conviction, (2) the petitioner served in the United States military, (3) as a result of the petitioner's service, the petitioner suffers from, for example, posttraumatic stress disorder, substance abuse, or mental health problems, (4) the sentencing court did not consider these circumstances as a factor in mitigation, and (5) the petitioner was sentenced before January 1, 2015.

Snow therefore reasons that because the criteria for eligibility do not include that the petitioner was sentenced to a determinate term and because he otherwise established the five factors identified in *Bonilla-Bray*, a hearing was mandated. Not so. First, the *Bonilla-Bray* defendant was sentenced to a determinate term and therefore the court had no occasion to address ineligibility for a defendant sentenced to an indeterminate term. (*Bonilla-Bray*, *supra*, 49 Cal.App.5th at p. 237.) Snow therefore reads too much into *Bonilla-Bray*'s silence about indeterminate terms because that was not the issue.

Second, Snow's reading of section 1170.91, subdivision (b), divorces it from subdivision (a), which states a mental health issue stemming from military service is a mitigating factor *when a trial court is imposing a term under section 1170*. Interpreting a statute requires construing the words in context and harmonizing its parts by considering them in the context of the

4

statutory framework as a whole.  (*Skidgel v. California Unemployment Ins. Appeals Bd.* (2021) 12 Cal.5th 1, 14.) Construed as a whole, section 1170.91 does not concern indeterminate sentences.

Finally, even while conceding he was sentenced to an indeterminate term, Snow argues that a hearing would not be an idle act.  He reasons that the trial court would not have to recall his sentence but could simply resentence him "in the same manner as if he had not previously been sentenced," by striking one of the strike priors, which would then require it to reconsider the mitigating factor of his military service.  To the extent we understand this argument, Snow is essentially saying the trial court could grant a *Romero*[2] motion and resentence him to a low term, using his mental health issue and veteran status as a mitigating circumstance.  However, section 1170.91 "is not a vehicle for obtaining the opportunity to make a *Romero* motion. . . .  In other words, granting a *Romero* motion is not imposing a term.  The trial court must consider the military-related disorder as a mitigating factor only when making a choice from a triad." (*People v. Stewart*, *supra*, 66 Cal.App.5th at p. 424.)

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL
REPORTS**


EDMON, P. J.


We concur:


LAVIN, J.


EGERTON, J.